# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3669

_____

Rod M. Nussbaum

*Plaintiff - Appellant*

v.

Springfield R-XII School District; Pam Bodine, Member, Board of Education 2004 - 2007 and in an Individual capacity; Kris Callen, Member, Board of Education 2003 - 2012 and in an Individual capacity; Bruce Chrisope; Conni Ess, Member, Board of Education 1996-2002 and in an Individual capacity; Dr. Mike Fancher, Member, Board of Education 1996 - 2002 and in an Individual capacity; Jerry Harmison, Member, Board of Education 2000 - 2006 and in an Individual capacity; Dr. Michael Hoeman, Member, Board of Education 2002 - 2011; Andy Hosmer, Member, Board of Education 2006 - 2012 and in an Individual capacity; Gerald Lee, Member, Board of Education 2006 - 2010 and in an Individual capacity; Mary Norman, Member, Board of Education 2002 - 2008 and in an Individual capacity; Ralph Plank, Member, Board of Education 1998 - 2004 and in an Individual capacity; Dr. Tom Prater, Member, Board of Education 2008 - 2011 and in an Individual capacity; Bruce Renner, Member, Board of Education 1994 - 2012 and in an Individual capacity; Debbie Tolliver, Member, Board of Education 1998 - 2007 and in an Individual capacity; Jean Twitty, Member, Board of Education 2007 - 2010 and in an Individual capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 29, 2014
Filed: September 10, 2014
[Unpublished]

_____

Before BYE, SMITH, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this appeal in a diversity case, Rod Nussbaum challenges the district court's[1] adverse grant of partial summary judgment, and the court's findings of fact and conclusions of law issued after a bench trial. Upon carefully reviewing the record and the parties' arguments on appeal, we find no basis for reversal. See Residential Funding Co., LLC v. Terrace Mortg. Co., 725 F.3d 910, 915 (8th Cir. 2013) (grant of summary judgment reviewed de novo; to avoid summary judgment, party must substantiate its allegations with sufficient probative evidence that would permit finding in its favor); Ofor v. Ocwen Loan Servicing, LLC, 649 F.3d 808, 813 (8th Cir. 2011) (in reviewing decision based on bench trial, findings of fact are reviewed for clear error and interpretations of state law are reviewed de novo). In particular, we find no merit to Nussbaum's arguments challenging the district court's conclusion that certain defendants were not liable for failing to ensure that a performance bond was received in accordance with Missouri law. See Union Pac. R.R. Co. v. St. Louis Marketplace, Ltd. P'ship, 212 F.3d 386, 390-91 (8th Cir. 2000) (city board discharged ministerial duty to require bond by transforming contractual bond requirement into legal requirement, where board's legislative function limited its power to ensure compliance with ordinance). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1] The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

-2-